UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL NO. 6:92-60025 |
|---|---|
|  | CIVIL NO. 6:16-1372 |
| VERSUS | JUDGE DRELL |
| GARY JEFFERSON BYRD | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Before the court is the Motion to Correct Illegal Sentence filed by *pro se* petitioner, Gary Jefferson Byrd, pursuant to 28 U.S.C. § 2255 on September 28, 2016. [rec. doc. 216]. Petitioner attacks his 10 year sentence imposed by this Court on June 18, 1993, following his December 14, 1992 conviction for receiving through the mail visual depictions of persons under the age of eighteen engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2). Petitioner has served this sentence and was discharged. He is currently serving concurrent sentences of 168 and 180 months imprisonment for possession of child pornography and receiving child pornography in violation of 18 U.S.C. §2252A(a)(5)(B) and § 2252A(a)(2)(A).

## PROCEDURAL HISTORY

On December 14, 1992, a jury found petitioner guilty of receiving through the mail visual depictions of persons under the age of eighteen engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2). [rec. doc. 131].

On June 18, 1993, Byrd was sentenced to ten years imprisonment. [rec. docs. 151 and 152]. Petitioner's conviction and sentence were affirmed on direct appeal. [rec. doc. 168, *United States v. Byrd*, 31 F.3d 1329 (5th Cir. 1994)]. On April 3, 1995, the United States Supreme Court denied certiorari. *Byrd v. United States*, 514 U.S. 1052, 115 S.Ct. 1432 (1995).

On April 22, 1997, petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [rec. doc. 173 ]. That Motion was ultimately dismissed on September 1, 1998 without prejudice for failure to prosecute. [rec. doc. 181].

On March 8, 1999, petitioner filed another a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [rec. doc. 182, 183 and 186]. On October 25, 1999, the Motion was denied and dismissed with prejudice as time-barred by the one-year limitation period set forth in 28 U.S.C. § 2255. [rec. doc. 203]. Petitioner's request for a certificate of appealability was denied by the United States Fifth Circuit Court of Appeals on July 6, 2000. [rec. doc. 209, *United States v. Byrd*, No. 99-31425 (5th Cir. 1999) (unpublished)].

On September 28, 2016, petitioner filed the instant motion asserting that he is innocent of the crime of conviction.

## LAW AND ANALYSIS

For the reasons which follow, the instant motion is "second or successive" within the meaning of 28 U.S.C. § 2255(h) and § 2244(b)(2), filed without proper authorization from the United States Fifth Circuit Court of Appeals.

As set forth above, this court's records demonstrate that petitioner filed at least one previous motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, attacking the same conviction and sentence that is the subject of this motion. That § 2255 motion was denied and dismissed with prejudice as barred by the one year limitation period set forth in § 2255. Although a dismissal based upon the statute of limitation does not include an examination of the merits of the underlying substantive claims presented in the petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA.[1] Therefore, this is Byrd's second, and possibly third, § 2255 motion filed in this court in which petitioner attacks the same conviction and sentence that were the subject of his previous motion.[2]

AEDPA uses the phrase "second or successive" as a "term of art." *In re Lampton*, 667 F.3d 585, 587-588 (5th Cir. 2012). The phrase appears in both §2244 and § 2255, and it carries the same meaning in both provisions. *Id.* at 588.

---

[1] *See In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (*per curiam*); *Shelvin v. Cain,* 2015 WL 5838870, *2 and fn. 2 (W.D. La. 2015) (and cases cited therein); *see also Villanueva v. United States*, 346 F.3d 55, 61 (2nd Cir.2003),.

[2] *See* fn. 2, *supra*.

However, AEDPA does not define what constitutes a "second or successive" motion. Decisions of the United States Supreme Court and Fifth Circuit Court of Appeals provide guidance in determining when a § 2255 motion should be considered second or successive for purposes of § 2255(h) and § 2244(b)(2).

The Supreme Court has found that the phrase "second or successive" does not encompass all "applications filed second or successively in time." *Lampton*, 667 F.3d at 588 *citing Magwood v. Patterson*, 561 U.S. 320, 130 S.Ct. 2788, 2796 (2010). Rather, it "must be interpreted with respect to the judgment challenged." *Id. citing Magwood*, 130 S.Ct. at 2797. AEDPA's bar on second or successive petitions therefore applies to a later-in-time petition that challenges the same judgment imposing the same sentence as an earlier-in-time petition. *Id. citing Burton v. Stewart*, 549 U.S. 147, 156, 127 S.Ct. 793 (2007). The Supreme Court has further held that the phrase "second or successive" applies to an entire application, not individual claims in an application. *Magwood*, 130 S.Ct. at 2798 ("AEDPA uses the phrase 'second or successive' to modify 'application.').

The Fifth Circuit has found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) *citing Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135

L.Ed.2d 827 (1996). Thus, the Fifth Circuit has suggested a focus of the inquiry is whether in the prior petition, the petitioner received an adjudication on the merits of his claims.

The Fifth Circuit has also found that a later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In Re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

Under the above standards, the instant Motion is "second or successive." Byrd's motion seeks to challenge the same judgment of conviction imposing the same sentence that was the subject of his prior § 2255 motion. Moreover, petitioner's prior § 2255 motion was denied and dismissed on the merits.[3] Finally, petitioner's claim was or could have been raised in his earlier motion.

Before this motion may be considered by this court, petitioner is required to obtain authorization to file this second or successive § 2255 motion from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A) which provides in part, "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. §§ 2244(a) and 2255(h). The record does not show that petitioner has received such authorization.

---

[3] *See* fn. 2, *supra*.

Until such time as petitioner obtains said authorization, this court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

This court is not required to transfer this second and successive § 2255 motion to the Fifth Circuit for a determination whether petitioner should be allowed to proceed.  Pursuant to  *In Re Epps,*  127 F.3d 364 (5th Cir. 1997), some district courts have taken this route; however, transfer is not mandatory.  Rather, the opinion merely adopts a procedure to be used when a district court determines that transfer is appropriate. *See Id.*

In the instant case, transfer of this case to the Fifth Circuit is not warranted. Petitioner's conviction became final over 20 years ago in April 1995, when the United States Supreme Court denied certiorari.  In this Motion, petitioner relies on no new facts which could not have been discovered with the exercise of due diligence, there has been no governmental imposed unconstitutional impediment to the filing of a § 2255 motion and petitioner's claim does not rely on any newly recognized constitutional right made  retroactive to cases on collateral review by the Supreme Court.  Thus, it appears that the Motion is statutorily barred by the one-year statute of limitations for the filing § 2255 motions.  *See* 28 U.S.C. §2255(f).

Moreover, it does not appear that petitioner could satisfy his burden for the Motion to be considered timely by application of equitable tolling; it does not appear that petitioner "has been pursuing his rights diligently" or "that some extraordinary circumstance stood in his way and prevented timely filing." *See Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807,161 L.Ed.2d 669 (2005); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *see also Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (the burden of proof concerning equitable tolling is on the petitioner).

**IT IS THEREFORE RECOMMENDED** that the instant second and successive motion to vacate filed pursuant to 28 U.S.C. § 2255 by Gary Jefferson Byrd be **DISMISSED WITHOUT PREJUDICE** because the instant petition constitutes a second and successive *habeas* petition within the meaning of 28 U.S.C. § 2255(h) and §2244(b)(2) filed without prior authorization of the United States Fifth Circuit Court of Appeals.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Signed at Lafayette, Louisiana this 3rd day of October, 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE